## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. _____** |
| **v.** | § § | |
| **JOSEPH L. TRAPOLINO, JR., and RITA MONTES a/n/f of A.P., MINOR,** | § § § | |
| **Defendants.** | § | |

## PLAINTIFF UNITED PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff United Property and Casualty Insurance Company ("Plaintiff" or "UPC") petitions this Court for declaratory judgment that Dwelling Fire Policy Number UTD 7514347 02 42 affords no coverage for bodily injury claims that may have arisen as a result of the alleged animal attack that occurred on or about July 22, 2018. Specifically, Plaintiff seeks a declaration that it has no obligation under the policy to defend or indemnify against claims and damages arising out of the alleged July 22, 2018, incident. In support of this Petition for Declaratory Judgment, Plaintiff would show as follows:

### I.      PARTIES AND SERVICE

1.1     Plaintiff UPC is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business in Saint Petersburg, Florida.

1.2     Defendant Joseph Trapolino ("Trapolino") is an individual that resides in Harris County, Texas and may be served with process at 4135 Dogwood Hill Street, Pasadena, Texas 77503.

1.3     Defendant Rita Montes as next friend of A.P., a minor, is an individual that resides in Harris County, Texas and may be served with process at her last known residence.

## II.     JURISDICTION AND VENUE

2.1     The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332.  This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.2     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of Texas and the defendants reside within this judicial district.  Venue is also proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the underlying lawsuit giving rise to the claims at issue is in this judicial district.

## III.     FACTUAL BACKGROUND

3.1     UPC seeks declaratory judgment from this Court that there is no coverage under UPC's Dwelling Fire Policy Number UTD 7514347 02 42 issued to Trapolino (the "Policy"). Because there is no coverage under the Policy, UPC seeks declaratory judgment from this Court that it has no duty to defend or indemnify in the underlying lawsuit.

### A.     The Underlying Lawsuit

3.2     This insurance coverage action arises from an underlying lawsuit styled *Rita Montes a/n/f of A.P., minor v. Sharon White and Joseph L. Trapolino, Jr.*, Cause No. 2018-

61413, in the 61st Judicial District Court in Harris County (the "Underlying Lawsuit"). Trapolino, the named insured under the UPC Policy, has been named as a defendant in the Underlying Lawsuit.  A true and correct copy of Plaintiff's Amended Petition in the Underlying Lawsuit is attached hereto as **Exhibit "A"** and fully incorporated herein by reference.

3.3    The Amended Petition in the Underlying Lawsuit pleads causes of action against Trapolino and Sharon White ("White") for negligence, strict liability, and negligence per se.

**B.    The Incident**

3.4    The incident giving rise to the Underlying Lawsuit is alleged to have occurred at or near the 4100 block of Dogwood Hill Street, Pasadena, Texas, on July 22, 2018.  The Amended Petition alleges that A.P., a minor, was walking in the public access portion of the street or sidewalk when he was "suddenly, and without warning" attacked by a pit bull breed dog.  The Amended Petition alleges that A.P. suffered serious bodily injuries as a result.  It is alleged that the pit bull escaped from White's residence at 4135 Dogwood Hill Street, Pasadena, Texas 77503, because the dog was not properly chained, tied, or fenced.  Plaintiff in the Underlying Lawsuit alleges that White knew or had reason to believe her pit bull would attack other individuals, that it acted aggressively towards other members of the community, and that it could escape her house.

3.5    The Amended Petition alleges that Trapolino is the owner of the home where the pit bull was housed and that White was a tenant of the property.  It is alleged that Trapolino knew or should have known that permitting the pit bull to remain at his house would result in the public being injured and that Trapolino failed to implement or enforce any rules with regard to pets housed on his property.  It is further alleged that Trapolino knew or should have known of the pit bull's dangerous propensities.

**PLAINTIFF UNITED PROPERTY AND CASUALTY INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**                                    **Page 3**

**C.    The Policy**

3.6    UPC issued the Policy to Trapolino, which had a policy period from December 9, 2017, to December 9, 2018.  A true and correct copy of the UPC Policy in effect is attached hereto as **Exhibit "B"** and fully incorporated herein by reference.

3.7    The Policy provides in relevant part:

* * *

**DEFINITIONS**

**A.**    In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household.  "We", "us" and "our" refer to the Company providing this insurance.

* * *

**2.**    **"Bodily injury"** means bodily harm, sickness or disease, including required care, loss of services and death that results.

* * *

**5.**    **"Insured"** means:

    **a.**    You and residents of your household who are:

        **(1)**    Your relatives; or
        **(2)**    Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative

    **b.**    A student enrolled in school full time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of:

        **(1)**  24 and your relative; or
        **(2)**  21 and in your care or the care of a person described in **a.(1)** above;

    **c.**    With respect to animals or watercraft to which this policy applies, any person or organization legally responsible for these animals or watercraft which are owned by your or any person included in **a.** or **b.** above.  "Insured" does not mean a person or organization using or having custody of these animals or watercraft in the course of any "business" or without consent of the owner; or

* * *

6.      **"Insured location"** means:

     a.       The "residence premises"

* * *

     c.       Any premises used by you in connection with a premises described in **a.** and **b.** above;

* * *

8.      **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

     a.       "Bodily injury"; or
     b.       "Property damage".

* * *

9.      **"Property damage"** means physical injury to, destruction of, or loss of use of tangible property.

* * *

11.     **"Residence premises"** means:

     a.       The one-family dwelling where you reside;
     b.       The two-, three- or four-family dwelling where you reside in at least one of the family units; or
     c.       That part of any other building where you reside; and which is shown as the "residence premises" in the Declarations. "Residence premises" also includes other structures and grounds at that location.

and which is shown as the "residence premises" in the Declarations.

"Residence premises" also includes other structures and grounds at that location.

* * *

**LIABILITY COVERAGES**

* * *

**A.      Coverage L - Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

    **1.** Pay up to our limit of liability for the damages for which an "insured" is legally liable.  Damages include prejudgment interest awarded against an "insured"; and

    **2.** Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

**B.**    **Coverage M - Medical Payments To Others**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury". Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except "residence employees". As to others, this coverage applies only:

    **1.** To a person on the "insured location" with the permission of an "insured"; or

    **2.** To a person off the "insured location", if the "bodily injury":

        **a.** Arises out of a condition on the "insured location" or the ways immediately adjoining;

        **b.** Is caused by the activities of an "insured";

        **c.** Is caused by a "residence employee" in the course of the "residence employee's" employment by an "insured"; or

        **d.** Is caused by an animal owned by or in the care of an "insured".

* * *

**EXCLUSIONS**

* * *

**E.**    **Coverage L - Personal Liability And Coverage M - Medical Payments To Others**

Coverages L and M do not apply to the following:

**1.**    **Expected Or Intended Injury**

"Bodily injury" or "property damage" which is expected or intended by an "insured", even if the resulting "bodily injury" or "property damage":

**a.**    Is of a different kind, quality or degree than initially expected or intended; or

**b.**    Is sustained by a different person, entity or property than initially expected or intended.

However, this Exclusion **E.1.** does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property;

* * *

**SPECIAL PROVISIONS – TEXAS**

* * *

**EXCLUSIONS**

* * *

**E.**    Coverage L – Personal Liability and Coverage M – Medical Payments to Others. The following Exclusions are added:

* * *

**12.    Animals**

Personal Liability does not apply to "bodily injury" or "property damage" caused by any  Animal, including defense or expense.  "Bodily Injury" or "property damage" caused by  any    animal owned by or kept by you or any insured whether or not the injury or damage    occurs   on   the "residence premises" or elsewhere.

* * *

**PREMISES LIABILITY**

**(Non-Owner Occupied Dwelling)**

* * *

**LIABILITY COVERAGES**

Coverage **L** - Personal Liability and Coverage **M** - Medical Payments To Others are restricted to apply only with respect to "bodily injury" and "property damage" arising out of the ownership,  maintenance, occupancy or use of the premises shown below.

* * *

## IV.    NO COVERAGE UNDER THE POLICY

4.1    UPC seeks a declaration that it has no duty under the Policy to defend or indemnify Trapolino or to pay damages to Montes in connection with the Underlying Lawsuit or any related claims on the basis that the allegations asserted against Trapolino do not trigger any duty to defend and on the basis that coverage is excluded under the Policy.

4.2      There is no coverage under the Policy.  The Personal Liability coverage of the Policy only covers damages due to an "occurrence."  *See* **Exhibit "B."**  The Policy defines "occurrence" as "an accident[,] . . . which results in . . . bodily injury." *See id.*  As pled in the Amended Petition in the Underlying Lawsuit, however, Montes's damages arise from Trapolino's actual, subjective awareness of the risk involved and conscious indifference to the rights, safety, and welfare of A.P. and others.  *See* **Exhibit "A."**  In addition, it is alleged that Trapolino had knowledge of the pit bull's dangerous propensities.  *See id.*  Such acts are intentional and do not meet the insuring agreement of the Policy.

4.3      Several Policy exclusions also apply.  First, the Policy's Exclusion E.1. precludes coverage of "bodily injury . . . which is expected or intended by an 'insured.'"  *See* **Exhibit "B."**  The Amended Petition in the Underlying Lawsuit alleges that Trapolino possessed the pit bull and was aware of the pit bull's dangerous propensities. *See* **Exhibit "A."**  Moreover, the Amended Petition alleges that Trapolino violated a municipal ordinance and had "actual, subjective awareness of the risk involved" but proceeded with conscious indifference.  Intentional conduct is expressly excluded under the Policy.

4.4      Finally, Policy Exclusion E.12 pertaining to animals is triggered.  The Animal Exclusion provides that there is no coverage for "bodily injury" caused by any animal owned by or kept by any insured whether or not the injury or damage occurs on the residence premises or elsewhere.  The Amended Petition alleges that the pit bull was housed in and escaped from the home owned by Trapolino.  It is further alleged that Trapolino "permitt[ed] the pit bull in question to remain at his house . . . ."  *See* **Exhibit "A."**  The Policy expressly excludes coverage for bodily injury caused by any animal owned or kept by any insured.  Based on the foregoing

reasons, UPC has no duty to defend or indemnify Trapolino in the Underlying Lawsuit and no duty to defend or indemnify Montes in the Underlying Lawsuit.

## V.    REQUEST FOR DECLARATORY RELIEF

5.1    UPC requests declaratory judgment that there is no coverage under the Policy for any bodily injury claims that may have arisen as a result of the July 22, 2018, incident. Specifically, UPC seeks a declaration that it has no duty to indemnify any resulting liability that may arise from this incident.  UPC also seeks a declaration that it has no duty to defend or indemnify Trapolino in the Underlying Lawsuit and has no coverage obligation to Montes.

## VI.    RIGHT TO ASSERT ADDITIONAL BASES AND AMEND

6.1    UPC is not waiving any rights or defenses under the Policy or any other insurance policies by filing this declaratory action.  Additionally, UPC is not waiving the right to assert and/or amend this complaint to assert any additional basis for no coverage under the policy or policies and/or for no duty to defend or indemnify Trapolino, or any other party with respect to any claims relating to the July 22, 2018, incident.

## VII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, UPC prays that the Court grant the relief requested above, its costs of court, and such other and further relief to which it may justly be entitled.

Respectfully submitted,


/s/ Rhonda J. Thompson
Rhonda J. Thompson
Attorney-In-Charge
State Bar No. 24029862
Southern Dist. No. 17055
Brett D. Gardner
Of Counsel
State Bar No. 24078539
Southern Dist. No. 3016873

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: bgardner@thompsoncoe.com

**ATTORNEYS FOR PLAINTIFF UNITED PROPERTY
AND CASUALTY INSURANCE COMPANY**